1

2

3

4

5

6

7

8

9 UNITED STATES DISTRICT COURT

10 EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12 TAPATIO FOODS, LLC, a California Limited Liability Company, | Case No. 1:18-cv-01611-LJO-BAM |
| 13 | **FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT RICARDO TORRES PULIDO, JR.** |
| 14 Plaintiff, | |
| 15 vs. | |
| 16 RICHARD TORRES PULIDO; an individual; BRANDON YEE, an individual; and TERP GALAXY, a Company of Unknown Type, | **Hon. Lawrence J. O'Neill** |
| 17 | |
| 18 | |
| 19 Defendants. | |

20

21

22

23

24

25

26

27

28

FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION
AGAINST DEFENDANT RICARDO TORRES PULIDO, JR.

106831108_1

Plaintiff Tapatio Foods, LLC ("Tapatio" or "Plaintiff") and Defendant Ricardo Torres Pulido, Jr. ("Pulido") consent and agree to the terms and conditions of this Final Consent Judgment and Permanent Injunction:

**IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

1. The Court has personal jurisdiction over Tapatio and Pulido. The Court also has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1111 *et seq*., and 28 U.S.C. §§ 1331, 1338 and 1367. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b).

2. Tapatio is a Limited Liability Company organized an existing under the laws of the State of California, having a principal place of business in Vernon, California.

3. Although identified as "Richard Torres Pulido" in the Complaint (Dkt. No. 1), Defendant Pulido's legal name is "Ricardo Torres Pulido, Jr." Pulido is an individual and resident of Planada, California.

4. Tapatio owns trademarks that are the subject of United States Trademark Registration No. 1,228,964 for TAPATIO, United States Trademark Registration No. 4,997,043 for TAPATIO, and United States Trademark Registration No. 3,837,981 for TAPATIO SALSA PICANTE and Design (collectively "TAPATIO'S MARKS.")

5. TAPATIO'S MARKS are valid and distinctive.

6. TAPATIO'S MARKS are the subject of extensive advertising.

7. TAPATIO'S MARKS are strong both conceptually and through acquired distinctiveness.

8. Pulido has begun to manufacture, sell, offer for sale, advertise, and/or distribute meatless hot sauce and other related products under the following marks:

FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION
AGAINST DEFENDANT RICARDO TORRES PULIDO, JR.





**SLUMPATIO Stylized Mark**          **SLUMPATIO Charro Mark**

9.     Tapatio brought claims against Pulido pursuant to 15 U.S.C. §§ 1114, 1125(a), 1125(c), and California Civil Code § 17200, alleging that Pulido was engaged in the unauthorized use of the SLUMPATIO Stylized Mark and the SLUMPATIO and Design Mark which are confusingly similar to TAPATIO'S MARKS and diluted TAPATIO'S MARKS by tarnishment.

10.     Pulido advertised products bearing the SLUMPATIO Stylized Mark and the SLUMPATIO and Design mark through his Instagram user account slumpatio.

11.     Pulido sold and delivered products bearing the SLUMPATIO Stylized Mark and the SLUMPATIO Charro Mark.

12.     Pulido's use of the SLUMPATIO Stylized Mark and the SLUMPATIO Charro Mark was without the authorization of Tapatio.

13.     The parties' products are related.

14.     The parties' both used the same marketing channels.

15.     The parties' both targeted the same class of consumers.

FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION
AGAINST DEFENDANT RICARDO TORRES PULIDO, JR.
106831108_1

16. The parties' products were both inexpensive and subject to impulse purchases.

17. Pulido's intent in his selection and use of the SLUMPATIO Stylized Mark and the SLUMPATIO Charro Mark was to capitalize on the goodwill associated with TAPATIO'S MARKS.

### Conclusions of Law

18. The Court has jurisdiction over the parties and the subject matter at issue in this action.

19. TAPATIO'S MARKS have become famous within the meaning of the term as defined by the Federal Trademark Dilution Act 15 U.S.C. 1125(c).

20. Pulido's use of the SLUMPATIO Stylized Mark and the SLUMPATIO Charro Mark diluted TAPATIO'S MARKS by tarnishment.

21. Pulido's trademark infringement was willful.

22. Entry of a permanent injunction will achieve the purposes of the Lanham Act and California state statutory unfair competition.

23. Pulido's actions constitute:

    a. Willful trademark infringement of a registered trademark in violation of 15 U.S.C. § 1114.

    b. Federal unfair competition in violation of 15 U.S.C. § 1125.

    c. California State unfair competition in violation of California Civil Code § 17200 *et seq.*

    d. Dilution by tarnishment in violation of 15 U.S.C. § 1125(c)(2)(C).

24. Tapatio and Pulido have agreed to the terms of this Final Consent Judgment and Permanent Injunction and its entry as a settlement of the claims filed.

FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION
AGAINST DEFENDANT RICARDO TORRES PULIDO, JR.
106831108_1

25.    Therefore, Pulido, and any company that he owns, either directly or indirectly, including its parents, subsidies, affiliates, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, who receive actual notice of this injunction by personal service or otherwise are permanently enjoined and shall:

26.    Permanently cease using, making, selling, importing, offering for sale, giving away, and/or distributing and refrain from adopting for any product or service, or in any marketing material:

a.  any trademarks containing the word TAPATIO;

b.  any trademarks containing the word SLUMPATIO;

c.  any trademarks containing the suffix "ATIO";

d.  any trademarks featuring a red arching font;

e.  any trademarks featuring a person located over a banner;

f.  any trademarks confusingly similar to the TAPATIO Marks;

g.  the SLUMPATIO Charro Mark;

h.  the SLUMPATIO Stylized Mark;

i.  any trademarks that bear an image of a Charro (meaning a traditional horseman from Mexico).

27.    Within ten days of entry of this judgment, Pulido shall permanently remove from any webpage, Twitter account, YouTube account, Facebook account, Instagram account, and any other space on the internet and/or social media account, anything that he has posted, or which another entity has posted on his behalf, that violates any section of Paragraph 26. Pulido shall also close any webpage, Twitter account, YouTube account, Facebook account, Instagram account, and any other space on the internet and/or social media account that

features a mark that violates any section of Paragraph 26 in either its username or URL.

28.     As money damages alone are difficult to calculate, should Pulido violate any section of Paragraph 26, such violations will be deemed willful, and Pulido consents to the entry of judgment of specific performance.

29.     Pulido shall provide reasonable assistance in removing content that violates any section of Paragraph 26 that was posted by third parties.

30.     This Court shall retain jurisdiction of this matter for all purposes, including for the purpose of enforcing the terms and provisions of this Final Consent Judgment and Permanent Injunction.

31.     Tapatio and Pulido agree to submit to the personal jurisdiction of this Court in connection with this matter for all purposes, including for the purpose of enforcing the terms and provisions of this Final Consent Judgment and Permanent Injunction.

32.     This is a final judgment.  Judgment is entered in favor of Tapatio and against Pulido as to all claims identified in Paragraph 23.

33.     Tapatio and Pulido each waives all right to appeal, and agrees not to appeal this final judgment.


IT IS SO ORDERED.

Dated:   **January 4, 2019**          _____ **/s/ Lawrence J. O'Neill** _____
                                        UNITED STATES CHIEF DISTRICT JUDGE

FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION
AGAINST DEFENDANT RICARDO TORRES PULIDO, JR.

106831108_1